UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILBERT DALE RUSS, | ) | 1:08-cv-01735 AWI YNP [DLB] (HC) |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | [Doc. #10] |
| | ) | |
| JAMES A. YATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a State prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was placed in administrative segregation on June 6, 2006, when he was found in possession of an inmate manufactured weapon. (Pet. Ex. 1, Administrative Segregation Unit Placement Notice, June 6, 2006.) On July 16, 2006, a disciplinary hearing was held and Petitioner was found guilty of "possession of inmate manufactured weapon." (Pet. Ex. 2, Rules Violation Report - Part C, July 16, 2006.) On January 8, 2007, Petitioner's second level appeal was denied. (Pet. Ex. 6, Second Level Appeal Response, January 8, 2007.) On April 4, 2007, Petitioner's Director's level appeal was denied. (Pet. Ex. 6, Director's Level Appeal Decision, April 4, 2007.)

State habeas petitions

On June 9, 2008, Petitioner filed a petition for writ of habeas corpus with the Solano County Superior Court alleging insufficient evidence to support his conviction and violation of due process. (Pet., 7-8, 10.) The petition was denied in a reasoned decision on August 13, 2008. (Id. at 7-8.)

Next, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, First Appellate District, which summarily denied the petition on September 3, 2008. (Id. at 4.)

On September 25, 2008, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Id. at 11-16.) The court summarily denied the petition on October 22, 2008. (Id. at 3.)

Federal habeas petition

On November 8, 2008, Petitioner filed the instant petition in the U.S. District Court. (Doc. #1.) On March 16, 2009, Respondent filed a motion to dismiss claiming that the petition was untimely and that Petitioner failed to state a claim upon which relief could be granted. (Doc. #10.) Petitioner did not file any opposition to the motion. It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, prisoner filed this petition while housed at Kern Valley State Prison, in Delano, California, which is within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. Because the arguments in the motion to dismiss are procedural in nature and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004).

In most cases, the limitation period begins running on the day the petitioner's direct review became final. Petitioner's judgment became final when he exhausted his direct review process, i.e., the day that the Director's level denied his appeal. The statute of limitations began to run the next day, on April 5, 2007. Accordingly, absent any applicable tolling, Petitioner had until April 4, 2008 to file a petition for writ of habeas corpus in the federal court.

Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings

at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id.

Petitioner did not filed his first State habeas petition until June 9, 2008, two months after the statute of limitations had already run out. Because Petitioner did not file a State petition until after the limitation period was over, none of Petitioner's State petitions can serve to toll the limitation period. The one-year limitation period ended long before Petitioner filed a petition for writ of habeas corpus in federal court, thus, the petition must be dismissed as untimely.

Equitable Tolling

The federal court is not bound by California law regarding statue of limitations, however, the federal habeas courts do recognize that the limitation period can be subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)); Calderon v. U.S. Dist. Ctourt for the Cent. Dist. Of Cal.(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), *overruled on other grounds by* Calderon v. U.S. Dist. Court for Cent. Dist. Of California, 163 F.3d 530, 539 (9th Cir. 1998), *abrogated by* Woodford v. Garceau, 538 U.S. 202 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner makes no argument as to why he waited so long before filing his first petition for writ of habeas corpus. Furthermore, after reviewing the petition, this Court finds no extraordinary circumstances present, thus, Petitioner cannot receive equitable tolling.

Because the petition is clearly untimely, the Court will not consider Respondent's argument that Petitioner failed to state a claim upon which relief could be granted.

## CONCLUSION

The instant petition must be dismissed as untimely because it was filed after the AEDPA's one-year statute of limitations ended.

## RECOMMENDATION

It is hereby RECOMMENDED that:

1) Respondent's motion to dismiss is GRANTED and

2) the petition for writ of habeas corpus is DISMISSED with prejudice.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 11, 2010 /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE